**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| CHUCK F. DANIELS, | § | CIVIL ACTION NO |
| Plaintiff, | § | 4:25-cv-01219 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| VERONICA TORREZ, | § | |
| Defendant. | § | |

**ORDER ADOPTING**
**MEMORANDUM AND RECOMMENDATION**

Plaintiff Chuck F. Daniels proceeds here *pro se*. He sued Defendant Veronica Torrez for violations of the First Amendment, the Due Process Clause of the Fourteenth Amendment, and of analogous provisions of the Texas Constitution. Dkt 1 at ¶¶13–22. These claims relate to Defendant's issuing an order for commitment against Plaintiff for contempt of court. Id at ¶5. Defendant filed a motion to dismiss based on sovereign immunity, judicial immunity, and failure to state a claim. Dkt 5.

The matter was referred for disposition to Magistrate Judge Christina A. Bryan. Dkt 6. She issued a Memorandum and Recommendation recommending that the claims be dismissed with prejudice pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Dkt 10.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no

clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc*); see also FRCP 72(b) advisory committee note (1983).

Plaintiff filed objections. Dkt 11. He specifically objects that the Memorandum and Recommendation misapplies the doctrines of sovereign immunity, judicial immunity, and standing. Id at 1–2. Further, he objects that it improperly resolves the factual dispute of whether the relevant commitment order was signed. Dkt 3.

On *de novo* review and determination, the objections lack merit. Plaintiff argues the Memorandum and Recommendation "fails to apply the *Ex Parte Young* doctrine." But *Ex Parte Young* serves as a narrow exception to sovereign immunity that allows suits for prospective injunctive relief against officers in their official capacity. See 209 US 123 (1908). It doesn't apply where, as here, a Plaintiff fails to allege an ongoing constitutional violation. See *NiGen Biotech, LLC v Paxton*, 804 F3d 389, 394 (5th Cir 2015). Plaintiff also argues that judicial immunity doesn't apply because Defendant acted in clear absence of jurisdiction through issuing an unsigned order. Even assuming such allegation to be true, this isn't an act clearly outside of her jurisdiction. As to standing for injunctive and declaratory relief, Plaintiff's claim that he faces "exposure" to the same judge fails to show a real and immediate threat of repeated injury. And Plaintiff is patently incorrect in asserting that the Memorandum and Recommendation resolved the question of whether the relevant order was signed. See Dkt 10 at 13: "Signed or unsigned, Defendant's Order of Commitment, at most, exceeded her jurisdiction, but was not made in a complete absence of jurisdiction."

No clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The objections by Plaintiff Chuck F. Daniels to the Memorandum and Recommendation of the Magistrate Judge are OVERRULED. Dkt 11.

  The Memorandum and Recommendation is ADOPTED as the Memorandum and Order of this Court. Dkt 10.

  The motion by Defendant Veronica Torrez to dismiss is GRANTED. Dkt 5.

  This action is DISMISSED WITH PREJUDICE.

  This is a FINAL JUDGMENT.

  SO ORDERED.

  Signed on December 12, 2025, at Houston, Texas.

*/s/ C.R. Eskridge*
Hon. Charles Eskridge
United States District Judge